# Adams *et als. v.* Olive.

*Action in damages for suing out an Injunction.*

1. *Demurrer; when rightly overruled.*—When a demurrer assigns grounds so vaguely that attention is not thereby drawn to the particulars in which the complaint is defective, such demurrer is properly overruled.

2. *Fiat for issuance of injunction; when not foundation for oyer.*—In a suit on an injunction bond for damages in suing out injunction, the *fiat* for the issuance of the injunction is not peculiarly in the power of the plaintiff, but is part of the record of the suit for the injunction, and is not a proper foundation for defendant's claim of *oyer*, in the suit for damages.

3. *Transcript of record as evidence; general objection to.*—Where the transcript of the record of a chancery suit is relevant evidence, and is rejected on objection without any specified ground, the ruling will be upheld if there is any ground on which it can be sustained; and, where the record was not properly certified, it will be presumed that the transcript was not allowed in evidence for that reason.

4. *Practice as to injunction; obligors sued on injunction bond; what may show in defense.*—Under the practice in this State the injunction bond is always executed before the injunction issues, and it may happen that after it is given the injunction does not issue; hence the obligors when sued upon the bond may show that the injunction never issued, notwithstanding the

[Adams et als. v. Olive.]

recital in the bond "that they had prayed for and obtained an injunction"—the consideration being impeachable by plea under section 2632, Revised Code.

5. *Suit on injunction bond; what will not discharge obligors.*—Where a bond with sureties is executed to obtain an injunction, and the *fiat* is granted by a judge without authority, and the principal obtains benefit of delay by the injunction, neither the principal nor his sureties will be discharged from the obligation of the bond by reason of the want of authority of the judge making the *fiat;* although in such a case it might be necessary to sue upon the bond as a common law obligation.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. McCALEB WILEY.

Harman Adams, one of the appellants, filed a bill in chancery against James Olive, in which he prayed for and obtained an injunction. The injunction bond was executed by said Adams and the other appellants as sureties. The plaintiff to this suit, James Olive, claimed a breach of said bond in this, "that at the fall term, 1871, of the Chancery Court of Henry county, wherein said cause was pending, said injunction was dissolved by decree of said Chancery Court, and by said injunction the plaintiff was damaged to the extent of two hundred dollars, &c." The defendants demurred to the complaint, assigning as grounds: "*First,* that there is no averment which shows the plaintiff had a cause of action on the bond; *second,* that there is no sufficient averment of the breach of the condition of said bond; *third,* because it fails to set forth a substantial cause of action." The demurrer was overruled. Defendant then filed several pleas upon which issue was joined. The following assignments of error will show the points raised: *First,* overruling the demurrer; *second,* admission of the injunction bond in evidence against objection of appellant, and refusing to allow *oyer* of the *fiat,* and issue of the injunction; *third,* admission of the decree of the chancellor, against appellant's objection, dismissing the injunction; *fourth,* the refusal to permit appellant to introduce the *fiat* alone; *fifth,* the refusal to permit the appellant to introduce the record of the chancery proceeding; *seventh,* in giving charge asked by appellee," which charge was "that if the jury believe the evidence they must find for plaintiff."

J. A. CORBETT, for appellant.

OATES & BRO., for appellee.

No briefs came to Reporter.

MANNING, J.—1. The action in this cause was upon an injunction bond, and for damages done to plaintiff by the

suing out of the injunction. The demurrer to the complaint did not assign specifically enough the particulars in which the complaint was defective. According to our statute law on the subject, "no demurrer in pleading can be allowed but to matter of substance which the party demurring specifies ; and no objection can be taken or allowed which is not distinctly shaped in the demurrer."—R. C. § 2656. The party against whom it is interposed, has not his attention called to the particular defects in his pleading, at which the motion is aimed, so that by amendment he can cure them."—*Martin v. Hudson,* 52 Ala. 280. For this reason it has been often held by this court that it will not reverse the decision of a lower court overruling such a demurrer. There is no doubt that, if there be a defect in the complaint in this cause, it could have been made good by a short amendment.

Upon the overruling of the demurrers to the complaint,. defendants filed pleas, one of which averred "that there has never been any injunction granted or issued against the plaintiff as alleged in the complaint ;" and another alleges "that the bond sued on was without consideration and a *nudum pactum.*" Upon these pleas issues were joined.

2–3–4. The bond being offered in evidence, was objected to on the part of defendants, who "craved *oyer* of the *fiat* of the judge or officer by whom the order was granted for taking of said bond and the issuance of the injunction ;" but the objection was overruled and defendant excepted. Evidence was also admitted, against objections and exceptions of appellants, of the payment by plaintiff of reasonable attorney's fees for the defence of the chancery suit in which the injunction was applied for, and of the dissolution of the injunction by the decree of the chancellor. No ground of objection was specified to any of this evidence. It was all relevant. The *fiat* under which the bond was executed was not peculiarly in the power of plaintiff, it was a part of the proceeding in a suit brought by one of the defendants who was also the principal of the others in the bond. The *fiat* was, therefore, not a proper foundation for a claim of *oyer*. Defendants could as well produce it in evidence, as the plaintiff. We see no error in the overruling by the court of defendant's objections to plaintiff's evidence ; and no ground is indicated by brief or otherwise, on the part of appellants to sustain their assignments of error.

Defendants offered in evidence what purports to be a transcript of the bill of Adams in the chancery suit, and of a *fiat* of one E. M. KEILS, as Judge of the City Court of.

[Adams et als. v. Olive.]

Eufaula, thereon; which being objected to by plaintiff and excluded, defendants then offered in evidence the *fiat* thereon separately, which also was excluded upon objection of plaintiff, and defendants excepted. And defendants then offered in evidence what was represented to be a copy of the entire record in the chancery cause; which was on like objection ruled out and defendants excepted. After which they "offered in evidence the record of the cause of *James Olive v. Harman Adams*, the original suit which was enjoined." What was done with respect to this offer, does not appear. It seems to have been intended that a copy of that record should be set out in the bill of exceptions, and something shown in regard to the action of the court thereupon; but the purpose if entertained was not carried into effect, according to the transcript in our hands. Obviously, a proper transcript of the chancery cause in which the injunction bond was given, would have been legitimate evidence to show the nature of that cause and the amount involved in it—as a means to aid in determining whether or not the attorney's fee proved on behalf of plaintiff, was or not a reasonable sum for the service rendered. It would have been proper evidence also upon the question presented by the issues in which plaintiff had joined upon defendant's pleas; for it would have shown whether or not an injunction was in fact obtained to restrain plaintiff. The obtaining of an injunction was the object for which the bond was executed, and constituted the consideration on which it was founded; which consideration was put in issue by the pleadings. And, according to our statutes, a "defendant may by plea impeach or inquire into the consideration of a sealed instrument, in the same manner as if it had not been sealed."—R. C. § 2632. The defendants would not have been estopped by the recital in their bond —that Adams had "prayed for and obtained an injunction"— from showing that the injunction was not in fact obtained. The bond is always executed before the writ is issued and it might have happened that the register after examining the *fiat* when the obligors had gone away, had come to the conclusion that it was not made by an officer authorized by law to grant writs of injunction, and therefore, or for some other reason, have declined to issue the writ. And we are not willing to hold that, according to our law, the obligors would be estopped from averring and proving such a fact, notwithstanding the authorities to the contrary in other States. We find, however, on examining what purports to be

[Carter v. Shorter.]

the record of the chancery suit, which defendants offered to introduce in evidence, and what purports to be the copy of the bill, and of the *fiat* thereupon which were also offered, and all of which are set out at length in the bill of exceptions, that there is no certificate of the register thereto, or any other proof that these are true copies of the records of the Chancery Court in that cause. And as all intendments and presumptions that arise out of the record must be allowed in favor of and to support judgments of courts of general jurisdiction, it is our duty to suppose that the evidence was rejected for want of such proof, or authentication.

5. It must not be inferred, however, that we mean to intimate that even if Judge KEILS who made the *fiat* that an injunction issue, upon the execution of a proper bond, had no authority to make such an order, and the writ of injunction might therefore have been disregarded—yet defendants who caused the writ to be wrongfully issued, and obtained the benefit of a delay thereby in favor of their principal, would be allowed to take advantage of their own wrong, and be released from the obligation of their bond. They could not be discharged from liability in such a case on that account. *Browne v. Mellor*, 6 Hill, 496; *Caldwell v. Colgate*, 7 Barb. 253. Although in such circumstances it might be necessary to sue on the instrument as a common law bond in the name of the obligee for the use of the present plaintiff.

Let the judgment of the Circuit Court be affirmed.