### KENNEDY v. HULL, *et al.*

A lease of a building, containing a clause giving a lien of rent on the chattels of the lessee in the building, is not within Laws 1897, Chap. 95, §§ 1, 2, requiring a copy of a chattel mortgage to be delivered the mortgagor, and declaring the mortgage void unless it appears thereon, over the signature of the mortgagor, that he had received a copy.

(Opinion filed February 12, 1901.)

Appeal from circuit court, Lincoln county, HON. JOSEPH W. JONES, Judge.

Action for an injunction by C. B. Kennedy against D. C. Hull and another, partners as Hull & Co., and others. Judgment for defendants, and plaintiff appeals. Reversed.

*Kennedy & Carlson,* for appellant.

The instrument in controversy is not a chattel mortgage and is not subject to the provisions of chapter 95 of the laws of 1897, § § 4728, 4729, 4731, 4732, 4346, 4348, Comp. Laws. Suth. Stat. Const. § § 240, 245, 246, 247, 248; Jackson v. Bowdell, 20 Johns. 184; Nichols v. Barnes, 59 N. W. 734; Scrimsher v. West El. Co. 81 N. W. 35; Bragg v. Railroad, 83 N. W. 511.

*Knudson & Forrest* and *Aikens & Judge,* for respondents.

Cited contra: Comp. Laws 1897, sections 4346, 4348; sec. 2, chap. 95, Laws 1897; Gruley v. Winsor, 1 S. D. 117; Peet v. Ins. Co., 7 S. D. 410; Esshorn v. Watertown Hotel co., 7 S. D. 410.

CORSON, J. This is an action for an injunction to restrain the defendants from disposing of certain merchandise, books of account, etc., formerly in the possession of the defendants, Hull & Co. Findings and judgment were in favor of the defendants, and the plaintiff appeals.

The plaintiff, in his complaint, states his cause of action substantially as follows: That in March, 1899, the plaintiff and the defendants Hull & Co. entered into a written contract denominated a "tenement lease," whereby the plaintiff, as party of the first part, agreed to build a one-story building in the city of Canton, and to lease the same to the defendants Hull & Co. for the period of three years, at an annual rent of $180, payable monthly; that it was agreed by the lessees in said contract that the lessor should have a lien on

all goods and on all merchandise brought to the said premises or kept in any building thereon, to secure the payment of any rent accrued or to accrue, which lien should be enforced the same as a pledge, the lessees to have the right to sell the said property at retail, applying the proceeds to the payment of said rents as they mature; and the lessees also covenanted with said lessor not to assign the lease without the written consent of the lessor, and to surrender the premises at the expiration of the term, etc.; signed, "C. B. Kennedy. Hull & Co. D. C. Hull." The complaint further alleges that about the 10th day of May, 1899, Hull & Co. made what they claimed to be an assignment for the benefit of their creditors to Frank Arnold, of all their stock in trade, etc.; that said Hull & Co. are insolvent; that by reason of said contract plaintiff has a lien upon all property in said building, consisting of fixtures, stock in trade, books of account, etc.; that the rents have been paid up to the first day of January, 1900, with the exception of $3.70; that there is due and yet to become due on said lease the sum of $408.70; wherefore the plaintiff demands judgment of the court requiring the assignee to hold the possession of all property of said Hull & Co., including the furniture, fixtures, books of account, etc., and to pay the plaintiff his rents as they accrue, and he further asks that the said court restrain the said Arnold and said Hull & Co. from in any manner disposing of said stock in trade, etc. In their answers the defendants, as a defense to said action set up, among other things, that the instrument denominated a "tenement lease," a copy of which was set out in the complaint, at the time of making and delivery thereof did not, nor does it now, contain a receipt for, nor does it now appear upon the same over the signature of the mortgagors that, a true copy of the same has been delivered to and received by them, as required by section 1, chap. 95, Laws 1897; wherefore and by virtue of these acts,

these defendants allege that plaintiff acquired no lien whatever upon any of the property described in said writing, so denominated a tenement lease. The court found the facts substantially as set out in the complaint and in the paragraph of the answer referred to, and also that the so-called tenement lease was executed and delivered in duplicate; and concludes as matter of law that the plaintiff has no lien upon, interest in, or claim to any of the personal property referred to in the complaint, and that the defendants are, therefore, entitled to a judgment dismissing the complaint. The only question, therefore, presented by the record, is, did the failure to comply with the requirements of Chapter 95 of the Laws of 1897 render void that part of the so-called tenement lease which provides for a lien upon the property? It was evidently the theory of the learned circuit court that the lien clause in the lease was void by reason of the failure of the plaintiff to make out ond deliver to the defendants a copy of said instrument. The respondents contend, in support of the judgment of the court below, that as the lease provided for a lien upon the personal property and chattels of the defendants, it was, within the meaning and intent of the Law of 1897, a chattel mortgage, and it not having indorsed thereon a receipt by the defendants that they had received a copy of the same, the instrument was void, so far as it attempted to give a lien upon the property specified. The appellant, on the other hand, contends that the act of 1897 only applies to chattel mortgages proper, generally known as such, and not to a lease containing a lien clause to secure the payment of the rent; and appellant further contends that the evident object and purpose of the statute was that the mortgagor who executes and delivers a chattel mortgage should be furnished with a copy of the same to hold as a check against any changes in the original which might be made after its execution and delivery; and that a lease like the one in question, or

a duplicate, must necessarily be delivered to the party who gives the lien. We are of the opinion that the appellant is right in this contention. Sections 1 and 2 of Chapter 95 of the Laws of 1897 read as follows:

SECTION 1. That the mortgagee of every chattel mortgage at the time of the making and delivery thereof, shall prepare and deliver to the mortgagor a full, true perfect and complete copy of the same without additional cost.

SEC. 2. That every chattel mortgage shall be void unless it appears upon the mortgage instrument over the signature of the mortgagor, that a true copy of the same has been delivered to and received by the mortgagor, as by section 1 of this act provided.

A chattel mortgage while not in terms defined by our statute, is an instrument well known to the people generally as a contract made by the owner by which specific personal property is hypothecated for the performance of an act without the necessity of a change of possession. Such a mortgage is executed by the mortgagor and delivered to the mortgagee, who retains the same. It was clearly the object and purpose of the legislature in enacting the law of 1897 to require to be placed in the hands of the mortgagor a copy of the mortgage so executed by him as a protection against changes in the instrument subsequent to the execution of the same, and also that he might be fully advised of the nature and character of the instrument he has executed. A lease of property, however, is ordinarily executed by the lessor and lessee in duplicate, and, though it may be a part of the contract that the lessor shall have a lien upon the goods and chattels of the lessee as security for the rent, it still remains a lease, and cannot, by any reasonable construction, be denominated a chattel mortgage. Section 4731, Comp. Laws, provides: "Words used in any statute are to be

understood in their ordinary sense except when a contrary intention clearly appear." The nature of a chattel mortgage clearly appears from the provisions of title 14, Chap. 2, Arts. 1-3, of the Civil Code, being Sections 4346--4391 of the Compiled Laws. It must be in writing and signed by the mortgagor, and, to entitle it to be filed for record, it must be executed in the presence of two witnesses (Section 4384) ; and it must be delivered to the mortgagee, or to some party for him. It would be giving to the act of 1897 a very forced construction to hold that it included instruments known as "leases," the primary object of which is to vest in the lessee an estate in real property for a limited term, although such instrument may contain a clause giving a lien upon the property of the lessee as security for the rent. An act of the legislature should be given a reasonable construction. Section 4729, Comp. Laws. It will be noticed that in the case at bar the court finds that the lease in question was executed and delivered in duplicate. It is not easy to perceive, therefore, upon what theory the appellant could be required to deliver to the defendants another copy of the same instrument, and, as we have said, as leases are usually executed in duplicate, or the original delivered to the lessee, it would be a useless requirement ordinarily to require a copy of such an instrument to be furnished the lessee. Taking into consideration the nature and character of a chattel mortgage as generally understood in the community, and the evident object and purpose of the lawmaking power in enacting the law of 1897, we are clearly of the opinion that the lease in question was not, and was not intended to be, included in that act. The learned circuit court therefore was in error in holding void that part of the instrument which created a lien upon the defendants' property. The judgment of the circuit court is reversed and a new trial ordered.