THE PHELPS, DODGE & PALMER COMPANY v. J. W.
SKINNER, as *Sheriff, etc.*

No. 12,213.    (65 Pac. 667.)

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Refusal of Sheriff to Levy Upheld.* A sheriff in whose hands an attachment order is placed, to whom personal property is pointed out by the creditor as belonging to the debtor, and to whom a bond is tendered indemnifying him against the consequences of a levy on such property, is not by reason of such facts required to make the levy, if in good faith he believes it would be wrongful. He may refuse to make it, and, in justification of his refusal, may prove the existence of valid liens on the property to an amount exceeding its value.

2. ——— *Action against Sheriff—Pleading and Proof.* In an action against a sheriff for his refusal to levy a writ against property, the petition alleged that the debtor "had sufficient property and effects on which a levy might have been made to have fully satisfied plaintiff's demand." To the petition a general denial was filed. The plaintiff's evidence tended to show the debtor's ownership of a stock of goods. *Held,* that evidence of chattel-mortgage liens on the goods to an amount in excess of their value was admissible under the general denial.

Error from Cowley district court; W. T. McBRIDE, judge. Opinion filed July 6, 1901. Division one. Affirmed.

*C. T. Atkinson,* for plaintiff in error.

*G. H. Buckman,* and *L. H. Webb,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action on a sheriff's bond for damages for the refusal of the officer to execute an attachment order. Judgment went for the defendants, and error has been prosecuted to this court. William Hamilton, a merchant, was largely indebted. The plaintiff in error, the Phelps, Dodge

Phelps v. Skinner.

& Palmer Company, was one of his creditors.   He preferred some of his other creditors by executing to them chattel mortgages on his stock of goods and putting them in the possession of the mortgaged property. The amount of these mortgages largely exceeded the value of the goods upon which they were given.   The plaintiff in error brought an action against Hamilton and procured an order of attachment. of his property. It placed the writ in the hands of the sheriff, with directions to levy upon the mortgaged goods.   It also tendered to him a bond indemnifying him against the consequences of a wrongful levy of the attachment order.   He refused to make the levy and refused to accept the bond, not, however, because the latter was not in all respects good, but because the only property pointed out by the attachment creditor and the only property known to belong to the attachment debtor was already in the hands of the debtor's other creditors under chattel mortgages given on it.

This action of the sheriff raises the question whether that officer is required, upon tender of indemnity, to levy on property pointed out to him by the creditor as belonging to the debtor, notwithstanding he may believe in good faith that it is not the latter's property, or, being the latter's property, that it is encumbered with valid liens to an amount equal to or exceeding its value.   In the light of both reason and the authorities, this question, we think, is not difficult to determine.   Under such circumstances the officer is not required to make the levy.   However, if sued for his refusal to make it, he must exonerate himself by proving the facts in his defense.   The rule is stated in Murfree on Sheriffs :

"It must be borne in mind that all the systems of trying the right of property and indemnifying the

officer are based upon the justice and propriety of protecting him from undue peril in the execution of one of the least agreeable functions of his office. It is, in no respect, the object of these laws to enlarge the rights of plaintiffs or creditors, to enable them to harass third persons under color of legal process or to make the chief ministerial officer of the law the instrument of illegal oppression. The law does not countenance the execution of process against one person, upon property actually belonging to another; and it is no less its object to protect persons in general in the enjoyment of their property, than to subject that of a debtor to the process of his creditors. . . . It follows, from these considerations, that the tender of an indemnity bond imposes no additional duty on the sheriff. If, notwithstanding such bond, he remains of the opinion that the property in question is not lawfully subject to his process, he may refuse to execute it. He does so, of course, at his peril, but may as freely justify his course by showing that the property was not legally subject to his process, as he could have done if no indemnity bond had been tendered. An officer cannot be legally required to commit a trespass." (Sec. 613.)

In Mechem on Public Officers, section 756, it is stated:

"Where goods levied upon as those of the defendant are claimed by a stranger to the writ, the officer who surrenders them to the claimant must assume the burden of proving that they were not, in fact, the goods of the defendant, but if this be proved it is a good defense, even though he has been offered an indemnity."

Many well-reasoned cases sustain the text-writers above quoted: *Wadsworth v. Walliker*, 45 Iowa, 395, 24 Am. Rep. 788; *Mathis v. Carpenter*, 95 Ala. 156, 10 South. 341; *Dornin v. McCandless*, 146 Pa. St. 344, 23 Atl. 245. It did not appear in this last case that indemnity was offered, but the court in its opinion quotes

largely from its former decisions, in which it appeared that indemnity was offered.   It is proper, however, to say that some of the earlier Pennsylvania cases are not easily reconcilable with the present rule in that state as declared in the later decisions.

The plaintiff in error also raises a question of practice.   The averments of the petition in the action below were that "William Hamilton was solvent, and had sufficient property and effects in said county and state on which levy might have been made to have fully satisfied plaintiff's demand, together with costs." In defense to the petition the defendant filed a general denial.   It is claimed that evidence of the chattel mortgages on the stock of goods was inadmissible under the general denial.   This claim is not well founded. It was incumbent on the plaintiff to prove *prima facie* the attachment debtor's ownership of the property. This it did by proving Hamilton's ownership of the stock of goods.   Evidence of the fact that such stock of goods was encumbered by valid liens in excess of its value was in direct negation of the liability of such goods to seizure and sale on another claim.   There was no evidence whatever that the chattel mortgages were not valid liens.

The judgment of the court below is affirmed.

JOHNSTON, GREENE, POLLOCK, JJ., concurring.