## McCLINTOCK et al. v. PARISH.

No. 8625—Opinion Filed April 24, 1919.

(180 Pac. 689.)

(Syllabus.)

1. **Injunction—Suit on Bond — Validity of Injunction—Defense.**

Defendants are estopped in a suit on an injunction bond to set up as a defense that the injunction was void because it issued prior to the issuance and service of summons in the action.

2. **Injunction — Motions to Dissolve Injunction—Dismissal of Cause.**

When the only relief sought in an action is an injunction, the court has jurisdiction, upon a motion to dissolve the injunction, to dismiss the cause.

3. **Conversion—"Conversion."**

"Conversion" is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.

4. **Injunction—Liability on Bond—Measure of Damages — Restraining Harvesting Crop.**

Where M., by injunction wrongfully issued, prevented P. from harvesting his growing wheat, and converted the same to her own use, the measure of damages (under section 2875, R. L. 1910, the action prosecuted with reasonable diligence), and the liability on the bond, was the highest market value of the wheat at any time between the conversion and the verdict.

5. **Injunction — Dissolution of Injunction—Attorney's Fees.**

Upon evidence of services rendered by plaintiff's attorney in securing a dissolution of an injunction, in an action where the only relief sought was an injunction and the court upon motion to dissolve the injunction dismissed the cause of action, the jury was authorized to fix $25 as a reasonable sum for such services.

6. **Evidence—Expert Testimony—Value of Legal Services.**

Expert testimony as to the value of legal services rendered is not necessary, when there is evidence of the services rendered, the character of the litigation, and results obtained sufficient to form a basis for determining the value of such services.

Error from District Court, Tillman County; Cham Jones, Assigned Judge.

Action by Carl Parish against Mattie McClintock and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Williams & Latch, for plaintiffs in error.

Mounts & Davis, for defendant in error.

OWEN, J. This action was brought by Carl Parish against plaintiffs in error on an injunction bond executed in an action by Mattie McClintock against Parish to enjoin him from interfering with her possession of 10 acres of growing wheat. From a judgment in favor of Parish plaintiffs in error appeal.

It is urged the trial court erred: (1) In overruling the general demurrer to plaintiffs' petition; (2) in the instruction as to the measure of damages; (3) in rendering judgment for plaintiff for an attorney's fee of $25.

It appears from the petition and exhibit attached the temporary injunction was dissolved because it was issued prior to the issuance and service of summons. It is urged the court was without jurisdiction to issue an injunction prior to issuance and service of summons, and therefore there could be no liability on the bond.

The general rule seems to be that want of jurisdiction of the court or officer granting the injunction constitutes no valid defense to an action upon the bond or to the assessment of damages after the dissolution of the injunction. 14 R. C. L. § 1652; Walton v. Develing, 61 Ill. 201; Robertson y. Smith, 129 Ind. 422, 28 N. E. 857. 15 L. R. A. 273; Adams v. Olive, 57 Ala. 249.

In this connection it is urged the petition failed to state a cause of action for the reason it appeared the temporary injunction was dissolved and the action dismissed without a trial on the merits. The argument is that the court was without jurisdiction to dismiss the action on a motion to dissolve the temporary injunction, and in support of this contention the cases of Reddick v. Webb. 6 Okla. 392, 50 Pac. 363, and Norris v. City of Lawton, 47 Okla. 213, 148 Pac. 123, are relied upon. In Reddick v. Webb it was held a cause of action was not stated for the

reason the petition failed to show a final disposition of the entire cause or proceeding in which the injunction bond was given. That case was approved and the rule adhered to in the case of Wilson v. Board of Commissioners, 64 Okla. 266, 167 Pac. 754, where it was said:

"It must appear from the averments of the petition that it had finally been decided in said suit that the injunction ought not to have been granted."

From the petition and exhibits in the instant case it appears the injunction was dissolved and the cause finally dismissed. In the case of Norris v. City of Lawton it was ancillary to the main cause of action. upon dissolution of the temporary injunction, without affording plaintiff a trial on the merits. But in that case the injunction was ancillary to the main cause of action. The plaintiffs there asked to have certain paving contracts and assessments annulled and canceled, and also that the city officials be enjoined from certifying such assessments or attempting to collect same against plaintiff's lots.

A different rule prevails where no relief is sought other than the injunction. Where the only relief sought in a bill is an injunction, the court has jurisdiction, upon a motion to dissolve the injunction, to dismiss the bill. 22 Cyc. 949; 14 R. C. L. § 169; Goddard v. C. & N. W. Ry. Co., 202 Ill. 362, 66 N. E. 1066.

Under the second assignment, it is urged, the action being upon the bonds the measure of damages was the value of the wheat at the time the injunction issued, and not the highest market price any time between the conversion of the wheat by Mattie McClintock and the trial. The question of ownership of the wheat was submitted to the jury, and the instructions complained of were to the effect that if the jury found the wheat belonged to Parish, and, after the injunction wrongfully issued, was converted by Mattie McClintock to her own use, the verdict should be for plaintiff for the highest market value of the wheat between the time of the conversion and the date of the trial. The bond was conditioned to pay whatever damages Parish might sustain by reason of the injunction. He was prevented by the injunction from harvesting the wheat, and the same was harvested by Mattie McClintock. Conversion is any distinct act of domination wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. Sivils v. Aldridge, 62 Okla. 89, 162 Pac. 198. Under the provisions of the statute (section 2875, R. L. 1910) the measure of damage for conversion of property, where the action is prosecuted with reasonable diligence, is the highest market value of the property at any time between the conversion and the verdict. The injunction was dissolved and that action dismissed December 1st, and this action begun December 21 1914. No contention is made this was not reasonable diligence, and when Mattie McClintock wrongfully exerted dominion over the wheat in denial of Parish's right, she was guilty of conversion, and became liable to him for the highest market price, and it was to secure this damage that the bond was executed. Therefore the instructions were proper.

Under the terms of the statute the damages may include a reasonable attorney's fee. The jury heard the evidence as to the services rendered by plaintiff's attorney in the injunction action, and found that $25 was a reasonable sum to be paid for that service.

It is urged the judgment should not include this item because the action was dismissed on motion to dissolve the injunction and there was no proof as to the reasonableness of the fee. Authorities are cited to the effect that damages on account of attorney's fee should be limited to such legal services as are necessary to procure a dissolution of the injunction, and should not include services rendered in defending on the merits. This rule has no application, because the injunction was the only relief sought in the action in which this bond was given, and the service rendered was the preparation and presentation of the motion to dissolve the temporary injunction. The fact that the court dismissed the action on the motion to dissolve does not bring the case within the rule urged.

Either party might have offered evidence of attorney's acquainted with the customary charges for such services. But evidence of this character is not necessary when there is evidence of the services rendered, the character of the litigation, and results obtained sufficient to form a basis for determining the value of the service. Okla Coal Co. v. Hays, 71 Okla. — 176 Pac. 931; 6 C. J. 763; Noftzger v. Moffett, 63 Kan. 354, 65 Pac. 670. It is not contended the amount fixed was unreasonable.

From an examination of the entire record we are of the opinion that substantial jus-

tice was done and that no reversible error appears.

The judgment of the lower court is therefore affirmed.

HARDY, C. J., and RAINEY, PITCHFORD, and McNEILL, JJ., concurring.