**CHERRY v. SHARP et al.**

No. 23629. May 14, 1935.

Cox & Cox and E. A. Foster, for plaintiff in error.

Erwin & Erwin, for defendants in error.

BAYLESS, J. This is the second appeal to this court involving the principal parties to this action. J. W. Cherry, plaintiff in error and plaintiff below, appeals from the judgment of the district court of Lincoln county, Okla., denying him injunctive relief against Prentiss Sharp, Erwin & Erwin, a copartnership composed of W. C. Erwin and

P. D. Erwin and Lewis Wallace, defendants in error herein and defendants below. The parties will be referred to as they appeared in the lower court except when it is necessary to refer to them individually.

In order best to understand the present appeal, it is necessary to make a preliminary statement of the history of the transaction out of which this particular appeal arises.

In the month of October, 1926, J. W. Cherry and Prentiss Sharp (and another who is immaterial to this appeal) entered into a contract of partnership, the purpose of which was to own and operate a farm in agricultural pursuits and stock raising. This partnership continued until about the first of November, 1927, when Cherry apparently determined in his oyn mind that the parties had terminated the partnership and settled the partnership affairs and accounts between themselves and that he was entitled to the personal property formerly a part of the partnership assets. At that time he instituted an action in replevin in the district court of Lincoln county, Okla., and by virtue of said action, took from the possession of Sharp certain personal property. Sharp defended the replevin action upon the ground that the property replevined was not the exclusive property of Cherry, but that a partnership existed between them which had not been dissolved, and that the property taken was partnership property and Sharp had a half interest therein. He defended further upon the ground that since a partnership existed, one partner might not maintain an action against the other for the possession of property or to question the title thereto without bringing an action in equity to dissolve the partnership and adjust its affairs and accounts between the partners. He also pleaded certain actions of conversion on the part of Sharp and sought damages accordingly. This damage phase was dismissed later. That case was No. 9620. The case was brought to trial, and when Cherry had introduced his evidence and rested, Sharp demurred to the evidence and the court sustained the demurrer and rendered judgment in favor of Sharp for the return of the property or its value in the sum of $2,122.25. Cherry appealed from that judgment and this court affirmed the judgment of the district court of Lincoln county, Okla., against him. See Cherry v. Sharp, No. 20435, decided September 15, 1931, and reported in 151 Okla. 152, 2 P. (2d) 165. When the mandate was issued on the decision of this court and was spread of record in the trial court, Sharp caused to be issued a writ of execution to the sheriff in Lincoln county, Okla., for the purpose of executing upon said judgment.

When all of this had taken place, J. W. Cherry, as plaintiff, filed in the district court of Lincoln county, Okla., cause of action No. 11103 against the defendants above named, who are defendants in error herein. The purpose of this action may be briefly stated as follows: (1) To enjoin Sharp and Erwin & Erwin, his attorneys (who it is alleged own an interest in the judgment rendered in No. 9620), and Lewis Wallace, sheriff of said county, from levying the execution issued in No. 9620; (2) to enjoin and restrain Sharp, or others acting for him, from taking any steps to satisfy said judgment until a settlement of the partnership could be made; and (3) for a settlement of the partnership affairs. The petition is not in proper technical form, and, while subject to amendment, nevertheless is sufficiently intelligible to challenge the jurisdiction of the court.

The matter came on for hearing on the question of a temporary injunction, and when Cherry had introduced in evidence certain of the pleadings and proceedings in cause No. 9620 and the opinion of this court thereon, he rested. The defendants thereupon demurred to the evidence introduced, which demurrer the trial court sustained, and denied the temporary injunction. The appeal comes to this court from that order.

If the sole question involved in this appeal were the correctness of the order of the trial court denying the temporary injunction, this matter could be disposed of shortly. The rule of law applicable to the power and discretion of the trial court in such matters, and the extent of the review thereof by this court, is well settled in the case of Midland Valley Railroad Co. v. Imler, 101 Okla. 298, 225 P. 919, wherein it is said:

"The granting or dissolution of a temporary injunction in the trial * * * is largely in the discretion of the trial court, and the Supreme Court will not interfere with the trial court in granting such order vacating it, unless there is a clear showing of error or abuse of such discretion."

However, because of the argument advanced by the defendants in error, it is probable that the proceedings in the former case and appeal are not understood or are being given a different application than is proper. For that reason it is necessary for us to discuss certain of the issues raised.

The first argument made by defendants is that the appeal should be dismissed for failure to comply with the rules of this court with reference to the make-up and contents of the plaintiff's brief. This matter was presented in an independent motion to dismiss, but was denied without prejudice to raise the matter again. The defendants do not make an extended argument in their brief on the merits upon this matter, but a reference to the argument and citation of authorities filed in support of their first motion convinces us that the motion to dismiss the appeal is not well taken.

The next proposition raised by plaintiff is:

"That the judgment in cause No. 9620 was in the alternative and the defendants are not entitled to select the manner of its enforcement."

The rule contended for by defendants to the effect that upon rendition of final judgment in replevin action the duty rests upon the person who is ordered to make restitution of the property to deliver it promptly within a reasonable time, and the duty of issuing process to recover the property does not rest upon the person who prevailed in the action, is the well-established rule in this state. See Gerber v. Wehner, 96 Okla. 48, 220 P. 648; Dupree v. Jordan, 123 Okla. 91, 252 P. 67; and other cases. Therefore, in so far as Sharp's decision to issue an execution for the money rather than for the return of the property is concerned, he was acting within his rights.

Defendants' remaining propositions may be grouped together and discussed upon the question of res adjudicata. In viewing this aspect of the case, it is necessary for us to determine what issues were settled by the former judgment and appeal. The argument made by defendants that the preceding action was a settlement of all of the issues between the parties and that the plaintiff, having, in the former proceedings, elected to treat the property as his own by his action in replevin, is now estopped to assert that there is a partnership or that he has any rights in and to the property he attempted to replevin. The defendants cite numerous cases upon this subject, including that of Dill v. Flesher, 73 Okla. 185, 175 P. 359. The defendants also rely upon the line of authorities to the effect that a replevin action is primarily one for the possession of personal property, but is sufficiently flexible to authorize the court to settle the rights and equities between the parties in that action. See Graves v. Mayberry, 137 Okla. 218, 278 P. 1111.

We find no fault with these rules of law as they were applied in those cases, or as they might have occasion in the future to be applied. However, we are discussing this case at greater length than would be necessary if the sole question were that of injunction or no injunction, because we believe that the defendants are urging the judgment in the former case to greater lengths than they are entitled to do so. In the former proceedings Cherry elected to replevin the property upon the claim that it was his own, and failed. He failed because the defendant successfully defended upon the ground that the property was partnership property, and therefore the property of both of them. When Cherry had introduced his evidence in case No. 9620, the defendant demurred thereto, his attorney saying:

"Mr. Erwin: Comes now the defendant and demurs to the evidence of the plaintiff as being insufficient to entitle him to recover. For the further reason that it is admitted by the evidence of the plaintiff that the partnership contract, as shown by the exhibit attached to the amendment to the answer and plaintiff's exhibit 'A', had been entered into between the parties to this action, and admitted there had been no settlement of the partnership accounts except by the purported agreement of October 26, 1927, which is invalid. * * *"

The court, in passing upon this demurrer, said:

"The Court: There is no question in my mind, gentlemen, but what this is a partnership agreement which has never been dissolved by the parties. The demurrer will be sustained. * * *"

This court in passing upon the appeal (Cherry v. Sharp, supra) made plain that it approved the trial court's judgment requiring the return of the property by Cherry to Sharp solely upon the theory that there existed an undissolved and unsettled partnership between them, by reason of which neither party might maintain any action against the other over the assets of the partnership, unless it be an action to dissolve the partnership and settle its affairs as between the partners.

The defendant, Sharp, is not the owner of said property by virtue of said judgment. He is only entitled to the possession thereof by virtue of his relation thereto of a partner of Cherry and part owner of the assets of the partnership, including such

property. If he collects the money judgment, he holds the same as an asset of the partnership, and Cherry owns the property, whose value the money judgment represents.

The plaintiff is entitled to have the aid of the trial court in dissolving the partnership and adjusting its affairs as between the parties.

We cannot find that the trial court abused the discretion vested in it by refusing to grant plaintiff the temporary injunction prayed for. The trial court may have thought that since Cherry had possession of the property, by virtue of the replevin, although Sharp was legally entitled to possession thereof, by virtue of the judgment in his favor, and since Cherry had not promptly restored the property to Sharp's possession, it was proper to permit Sharp, acting for the partnership, to elect to collect the value of the property and hold it subject to the dissolution and accounting.

The judgment of the trial court is affirmed.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.