**INSELMAN v. BERRYMAN et al.**

No. 27297.   May 25, 1937.

C. B. Leedy, for plaintiff in error.

Mauntel & Spellman, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Ellis county granting a temporary injunction. Defendants in error, hereinafter referred to as plaintiffs, instituted the action against the plaintiff in error, hereinafter referred to as defendant, for the purpose of permanently enjoining an alleged continuing trespass. The parties are engaged in the cattle business and the controversy between them arises out of conflicting theories regarding their right to pasture certain lands. The parties agree that only questions of law are involved in this appeal. The facts essential to an understanding of the matter and the

conclusion reached may be thus briefly stated: In 1914 the county commissioners of Ellis county took steps to divide said county into ten stock districts. Stock district No. 9, containing approximately 142 square miles, was among the districts so created. The action of the commissioners was not followed up by an election, and subsequently the lands embraced in said districts were divided by fences into some 20 pastures. At the commencement of this action the plaintiffs owned or controlled 60,-000 or 70,000 acres and the defendant 1,600 acres in said original stock district. In one of the pastures in which the district had been divided, known as the South Badger pasture, the plaintiffs had 11 sections of land and the defendant 360 acres. The plaintiffs' lessee was pasturing therein approximately 1,500 head of cattle and the defendant approximately 138 head. Each full grown animal required 15 to 20 acres of grazing land for its support. The trial court found that defendant was entitled to pasture only 24 head of grown animals with their calves, or 36 yearlings, in said pasture, and issued a temporary injunction limiting the defendant to that number of stock in said pasture. Defendant insists that since he held some 1,600 acres of land in the original stock district No. 9, he was entitled thereby to the privilege of free range anywhere in said district, and further urges that the plaintiffs had a speedy, adequate, and complete remedy at law, and hence were not entitled to injunction, and further that section 9040, O. S. 1931, which the trial court found to be the applicable provision of the statute, is unconstitutional and void in that it violates sections 7, 23, and 24 of article 2 of the Constitution. In support of the contentions thus advanced the defendant cites and relies upon sections 8993, 8995, 9006, 9018, and 9031, O. S. 1931, and certain decisions of this court upholding the right of commissioners to divide their counties into stock districts and certain decisions with reference to what constitutes a plain, adequate, and speedy remedy at law. An examination of the above-cited sections of the statute will reveal that they have reference to the creation of stock districts and of liability for damages done by stock unlawfuly running at large, exemption from fencing commons, and providing for a lien on trespassing stock. Under the record here presented, we are compelled to hold that these provisions of the statute have no application. On the contrary, we are constrained to the belief that section 9040, O.

S. 1931, controls the rights and liabilities of the parties, and that its construction is determinative of this appeal. This section of the statute was first enacted in 1913 and appears as section 1, chapter 61, S. L. 1913. As enacted it merely permitted the owner or lessee of land in grazing districts consisting of two or more sections of land, where two-thirds of the same was unsuitable for cultivation and was being used for grazing purposes, to have same fenced in as a grazing district under certain limitations with respect to maintaining highways and opening roads. This by its terms was applicable to all counties except those excluded therefrom by the act. Among the counties included within the provisions of the act was Ellis county. This was subsequently amended in minor respects by section 1 of chapter 100, S. L. 1921, and as thus amended appears as section 3975, C. O. S. 1921; thereafter by chapter 54, S. L. 1927, the act was again amended by including therein the following language:

"* * * If the owner or lessee of any such grazing district encloses therein the lands of another, which lands are not being used for agricultural purposes, neither said owner or lessee or the owner or the lessee of such lands so enclosed, shall be liable in any sum for permitting their respective stock, which are being pastured on their said lands, to stray on any of the lands in said grazing district, provided, that no such owner or lessee who is grazing stock at large in said district, shall graze therein more stock than the water and grass of his own lands will support."

It will be noted that as originally enacted the statute was purely permissive in character, contemplated that the lands affected would be owned or leased by one individual, and that it was not until the 1927 amendment was enacted that provision was made for the inclusion of other lands in such grazing district. By this later amendment communal rights in the enclosed lands were conferred upon the respective owners or lessees and at the same time a corresponding obligation was imposed upon them not to graze more stock thereon than the water and grass on their own land would support. It will be noted that the act does not deprive the owner or lessee of any land in such district or any prior right or property which he may have had therein, but that it merely confers upon each owner or lessee the right to graze indiscriminately the entire tract so enclosed, but limits him to the number of cattle which his water and grass would support, thus providing for

equity between the parties and obviating the necessity of erection of numerous small fences in such grazing territory. The act when originally adopted recognized the existence of the general law regulating stock permitted to run 'at large and had for its purpose the creation of a permissive grant whereby tracts of land not less than two sections might be segregated and thus withdrawn from the effect and operation of the general law. This follows through all of the amendatory acts. It will be noted, further, that the act only applies to certain counties in the state and expressly excludes therefrom certain named counties. There is nothing in the act to prevent the owner of any separate tract therein from fencing the same off from the general pasture or grazing district should he so desire. As so construed, the act violates neither section 7, 23, nor 24 of art. 2 of the Constitution of Oklahoma. As said in Cherry v. Sharp, 172 Okla. 241, 45 P. (2d) 70:

"The granting or dissolution of a temporary injunction in the trial of an action is largely within the discretion of the trial court, upon the evidence before it; and, on appeal, the Supreme Court will not interfere with the order of the trial court granting or dissolving a temporary injunction unless there is a clear showing of error or abuse of discretion."

An examination of the record here reveals no abuse of discretion on the part of the trial court, but on the contrary discloses that the action of the trial court was in all respects proper, and therefore such action will not be disturbed by this court.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.