Alva NELSON, Mabel B. Nelson, Harley Sturgis and Geraldine Sturgis, Plaintiffs in Error,

v.

Cecil HOOD, Defendant in Error.

No. 38005.

Supreme Court of Oklahoma.

Sept. 16, 1958.

**1040**

Jack L. Rorschach, Vinita, for plaintiffs in error.

William W. Bailey, Vinita, for defendant in error.

WILLIAMS, Justice.

In this action the trial court sustained defendant's demurrer to plaintiffs' petition, and entered judgment dismissing plaintiffs' action. The correctness of that ruling presents the single question to be here resolved.

Prior to the filing of the present action, Pat B. Kinnison brought an action of replevin in the District Court of Craig County, Oklahoma, against Alva Nelson et al., in which he sought possession of 5–1000 bushel grain bins; 1–1000 gallon water tank and 1–1000 gallon butane tank, of the aggregate value of $2,554, which he alleged were being wrongfully detained by said Alva Nelson et al. A bond in replevin was executed by Pat B. Kinnison as principal and by Cecil Hood as surety.

It appears that the grain bins and the water and butane tanks remained in the possession of Alva Nelson et al. by agreement of the parties until such time as title and right of possession were determined by the trial court.

On November 11, 1955, the replevin action came on for hearing before the court with the aid of a jury. After the trial had proceeded and a recess was taken, the respective parties, through their counsel, advised the court that an agreement had been reached in the form of a compromise and settlement, whereby Alva Nelson et al., the defendants, were to receive title and possession of the 5–1000 bushel grain bins; that defendants Nelson et al. agreed to assume and pay any outstanding claims or indebtedness against the grain bins; that defendants Nelson et al. were to have title to and possession of the 1000 gallon butane tank, free and clear of encumbrance against the same, except that a mortgage then upon the butane tank in the amount of $150.-56 was to be paid by Pat B. Kinnison, the plaintiff, and plaintiff agreed to pay the Vinita Title Company the sum of $95.83 for abstract bill. Plaintiff was to have and receive the 1000 gallon water tank. The compromise settlement then provided "that all other claims and demands that each has against the other party, or parties, hereto are settled and to be dismissed with prejudice; all payments to be made by plaintiff (Pat B. Kinnison) are to be paid within a period of 90 days from this date". Judgment was entered in conformity with the compromise settlement.

In the present action, plaintiffs Alva Nelson et al. who were the defendants in the replevin action, seek to recover a money judgment against Cecil Hood, the surety on the replevin bond in the former action, upon the following items: mortgage lien of $150.56 which Pat B. Kinnison assumed and agreed to pay; and the sum of $95.83 due the Vinita Title Company which Kinnison agreed to assume and pay as shown by the former judgment in the replevin action. In addition, he seeks to recover the sum of $150 as an attorney's fee; and the sum of $3.85 costs in the replevin action. The basis of his claim is that Cecil Hood, as surety on the replevin bond, is legally liable under the terms of the bond to pay said respective sums.

The trial court was of the view that under the terms of the compromise agreement and judgment thereon and, the terms of the replevin bond, plaintiffs did not state a cause of action upon which relief could be granted and dismissed plaintiffs' petition.

■ We think the ruling is correct. As the replevin judgment indicates, it not only determined the title and right of possession to the personal property, but it likewise specifically provided that the mortgage indebtedness against the butane tank and the Vinita Abstract bill should be paid by Pat B. Kinnison. In the settlement agreement, each party agreed to pay the amount of $3.85 as their proportion of assessed costs. Plaintiffs in the present action concede their claim for $150 attorney's fee is not well founded.

The included question is whether Cecil Hood, by reason of his suretyship under the replevin bond, is liable for said items to plaintiffs. The replevin bond obligates the plaintiff Pat B. Kinnison and his surety, Cecil Hood, to do these things: (a) the plaintiff shall duly prosecute the action; (b) pay all costs and damages which may be awarded against him; (c) if the property (described in the bond) be delivered to plaintiff, that he will return the same to the defendant if a return be adjudged.

The replevin bond was executed on the 27th day of April, 1955, and the agreed judgment entered November 11, 1955. It is not contended that the action in replevin was not prosecuted with diligence.

The judgment in the replevin action does not reflect that any damages, by that name, were awarded against the plaintiff, nor does it reflect that plaintiff has failed to redeliver any property to the defendants Nelson et al. taken under the replevin action. In fact, no property was taken over by the sheriff but the property remained in the possession of the defendants Nelson et al. until the date of judgment, when defendants were ordered by the judgment to deliver the 1000 gallon water tank to Kinnison.

■ Where the defendant in a replevin action has not been dispossessed of the property described in the replevin bond, until after judgment rendered, when possession is delivered in compliance with the judgment, the consideration of the bond has failed and the surety thereon is absolved from liability thereon. Lamb v. National Surety Co., 108 Cal.App. 297, 291 P. 647.

The replevin bond in the action fully complies with the provisions of Title 12 O.S.1951 § 1573. Clearly the replevin bond does not obligate the surety Cecil Hood to pay the mortgage indebtedness then existing against the defendants' butane tank in the amount of $150.65. That mortgage indebtedness was created prior to the filing of the replevin action, and in the agreed judgment Pat B. Kinnison agreed to pay off that mortgage in 90 days. Neither does the replevin bond obligate the surety Cecil Hood to pay off the item of $95.83 for abstract bills. The record does not reflect whether that item arose out of the replevin litigation or otherwise. Plaintiffs Nelson et al. say it arose in connection with the purchase of the (butane) tank. However, under the agreed judgment, Kinnison agreed to assume and pay that item within 90 days from date of the judgment.

That the parties to the agreed judgment intended to and did compromise and settle all their claims involving the described property is further indicated by the recitation in the judgment that the debt secured by mortgage upon the 5–1000 grain bins then in possession of Nelson et al. would be paid by them.

■ Although an action in replevin is primarily one to determine the right of the plaintiff to the immediate possession of personal property, the court may settle by the judgment the equities of the parties in the transaction involved. Brook v. Bayless, 6 Okl. 568, 52 P. 738, 739. In Cherry v. Sharp, 172 Okl. 241, 45 P.2d 70 and in American National Bank of Wetumka v. Hightower, 184 Okl. 294, 87 P.2d 311, we held:

"Replevin action is sufficiently flexible to authorize settlement of all equities between parties arising from or growing out of the main action."

Under the rule thus announced, the trial court approved a compromise settlement of

all equities arising out of the main action in replevin.

■■■ We are of the view and so hold that plaintiffs' petition did not state a cause of action upon which relief could be granted and that the order sustaining defendant's demurrer thereto and dismissing the action was proper. It is true that plaintiff Kinnison in the replevin action was adjudged liable for and ordered to pay ½ of the costs in that action or $3.85. While it may be true that in an ordinary replevin judgment for defendant, not entered upon such a compromise and where the court had jurisdiction, the surety upon the plaintiff's bond would be liable for any costs adjudged against plaintiff, we do not believe defendant Hood in this case is liable for the reasons that defendants Nelson et al. in the replevin action retained possession of the property and the parties to that action compromised and settled their differences as above recited.

The judgment is affirmed.