## BARNSDALL OIL CO. et al. v. JACKSON.

No. 27541.   Sept. 21, 1937.

M. D. Kirk, W. M. Fleetwood, Jr., Y. P. Broome, and T. W. Francis, for plaintiffs in error.

L. M. Colville and H. R. Duncan, for defendant in error.

OSBORN, C. J.   Jay Jackson, hereinafter referred to as plaintiff, sued the Barnsdall Oil Company and Tide Water Oil Company, hereinafter referred to as defendants, for damages arising from the pollution of Delaware creek, a stream which traversed the premises of plaintiff and constituted a source of water supply for his stock. In addition to money damages, plaintiff prayed for the issuance of an injunction to "enjoin and restrain the defendants and each of them from the wrongful and illegal acts in permitting salt water, base sediment and deleterious substances to escape and flow into Delaware creek. * * *" Upon the filing of the petition a temporary restraining order was issued. A motion to dissolve was filed, and a hearing was held. At the conclusion of the hearing, the trial court entered a temporary injunction enjoining and restraining the defendants from "deliberately permitting salt water, poisonous and other deleterious substances to escape into Delaware creek." From said order defendants have appealed.

An application for a temporary injunction is addressed to the trial court's discretion, and its ruling thereon will not be disturbed on appeal unless there is a clear showing of error or abuse of discretion.

Cherry v. Sharp, 172 Okla. 241, 45 P. (2d) 70.

We have carefully examined the propositions of law and the authorities cited in support thereof, which are relied upon for reversal of this cause, and find no error or abuse of discretion.

The order is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.

## BLUMHOFF v. AKERS.

No. 28028.   Sept. 21, 1937.

John W. Scott, for plaintiff in error.

Sullivan & Marmaduke, for defendant in error.

PER CURIAM.   A motion to dismiss has been filed on the ground that the appeal was not filed until more than six months after the date of the judgment rendered. On July 31, 1937, this court called for a response by the plaintiff in error. No response has been filed and no excuse is offered for the failure to comply with the order of this court.

Under the rule announced in French v. Bragg, 177 Okla. 43, 55 P. (2d) 953, it is not the duty of this court to search for some theory upon which to sustain the appeal.

The appeal is dismissed.

OSBORN, C. J., and RILEY, PHELPS, HURST, and DAVISON, JJ., concur.