DICKEY v. WILLIAMS et al.

*98 P. 2d 604.*

No. 29276.   Jan. 23, 1940.

Ogden & Thompson, of Ardmore, for plaintiff in error.

Peter Deichman, U. S. Probate Attorney, of Ardmore, for defendant in error.

CORN, J. Referring to the parties as they appeared in the trial court, the plaintiff, J. E. Dickey, filed a petition in the district court against the defendants, J. L. Williams and Lem Taylor, alleging that plaintiff was in possession of a certain tract of land under a lease from Lem Taylor, the owner of said land; that said defendants were interfering with his possession of said land by attempting to fence it off from certain land of plaintiff, both tracts being under one fence and being used by plaintiff for grazing purposes; and praying a temporary restraining order against said defendants, and upon final hearing, a permanent injunction enjoining the defendants from interfering with his possession. Upon the filing of the petition a temporary restraining order was issued by the court without prior notice. The United States Probate Attorney filed, on behalf of said defendants in said cause, a motion to dissolve the temporary restraining order, alleging therein that the defendant Lem Taylor was a full-blood Mississippi

Choctaw Indian, enrolled and restricted, and that the restraining order was obtained by misrepresentation and fraud practiced upon the court granting the same; and also filed on behalf of the Indian defendant an answer and cross-petition alleging that the plaintiff's lease was invalid for the reason that it had not been approved by the Superintendent of the Five Civilized Tribes as required by Act of Congress of February 11, 1936, and therein praying that the plaintiff be ejected from possession of the land, and praying damages against the plaintiff by reason of his unlawful possession of the land.

At the hearing on the motion to dissolve the temporary restraining order, the court found from the evidence that the land involved was a part of the allotment of the defendant Lem Taylor, a full-blood Mississippi Choctaw Indian; that under the Act of Congress of February 11, 1936, said Indian could not make a valid lease on said land unless the same was approved by the Superintendent of the Five Civilized Tribes; that the plaintiff did not have such an approved lease; and was not entitled to a restraining order; and upon such finding the court entered an order dissolving the temporary restraining order previously issued. From said order the plaintiff appealed.

An order dissolving a temporary restraining order is not appealable, but while the order appealed from does not specifically deny the injunction sought by the proceedings, such finding and ruling of the court is tantamount to a final order refusing and denying the injunction, and is regarded as sufficient to give this court jurisdiction to review the order. The authorities on the question of appeal from such orders are reviewed in the case of Robertson v. Coy et al., 146 Okla. 155, 293 P. 1105, paragraphs 1 and 2 of the syllabus holding as follows:

"A restraining order is an order granted to maintain the subject of controversy in status quo until a hearing may be had on the application for temporary injunction. Its purpose is merely to suspend proceedings until there may be an opportunity to inquire whether injunctive relief should be granted, and is not intended as an injunction pendente lite.

"Section 780, C. O. S. 1921 (sec. 528, O. S. 1931), provides for a review of an order that grants, refuses, vacates, or modifies an injunction, but does not authorize an appeal from an order dissolving a restraining order."

The remaining question, then, for consideration is whether the plaintiff was entitled to injunctive relief.

The evidence shows that the land involved was restricted Indian land and that the plaintiff did not have an approved lease as required by said Act of Congress.

The plaintiff's purported lease, not being approved by the Superintendent of the Five Civilized Tribes, was void, and the plaintiff could claim no rights thereunder. He could not maintain an action for possession under said lease.

Section 708, O. S. 1931, prescribing the cause for which a temporary injunction may be granted, reads in part as follows:

"When it appears, by the petition, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do or is procuring or suffering to be done, some act *in violation of the plaintiff's rights respecting the subject of the action,* and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act. * * *"

Under the plain intent of the statute, the plaintiff must be able to show that he has some right with respect to the subject of the action that is being or about to be violated before he is entitled to an injunction, and in the absence of such showing the court is with-

out authority to grant such relief. The judgment is affirmed.

RILEY, HURST, DAVISON, and DANNER, JJ., concur.