STATE ex rel. GRIGSBY, County Atty., v. SILVERS.

No. 32655. May 6, 1947.

*180 P. 2d 657.*

Wm. W. Grigsby, Co. Atty., of Chickasha, Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., Jeff Williams, of Chickasha, and Richard A. Billups, Jr., of Oklahoma City, for plaintiff in error.

Hatcher & Bond, of Chickasha, for defendant in error.

DAVISON, V.C.J. This is an action filed by the county attorney of Grady county to enjoin the defendant from practicing optometry without first obtaining a certificate from the State Board of Optometry.

The verified petition alleged the contents of the relative statute; that defendant has not complied therewith and, although a duly licensed osteopathic physician, is not excepted therefrom; that for the immediately preceding six-month period he had held himself out for the, practice of, and had practiced, optometry; that, unless restrained, he would continue so to do, to the irreparable injury of the public; and that there was no adequate remedy at law.

The defendant filed what he denominated a motion to dismiss, wherein he moved for dismissal of the action for the reasons that: (1) the petition stated no grounds of equitable cognizance; (2) the same did not state a cause of action; (3) the question presented had become moot in that he never intended to violate the law and was not at that time doing any of the acts alleged.

Upon hearing of the motion, the defendant testified he had practiced optometry without having a certificate, believing he was permitted to because of his profession, and that he acted upon advice of his attorney. He further testified that upon service of process herein, he stopped such practice and did not intend to re-enter the field in the future.

The trial court overruled the motion on the first two grounds but sustained it on the third and dismissed the petition, from which judgment plaintiff appeals.

In the instant case, the trial court evidently determined that the continuation or recurrence of the acts of defendant complained of was very improbable. We have always adhered to the policy of leaving the question of issuance of an injunction largely to the discretion of the lower court. Cherry v. Sharp, 172 Okla. 241, 45 P. 2d 70; Barnsdall Oil Co. et al. v. Jackson, 180 Okla. 589, 71 P. 2d 719. Herein the court held that the conduct of the defendant, after the filing of this suit, and his assurance under oath of permanently refraining from the conduct objected to alleviated the necessity of assuming jurisdiction and adjudicating the issues.

With this interpretation of the pleadings and the court's order, the same should not be disturbed. Since this conclusion is reached as a result of defendant's acts subsequent to the filing of this case, which in effect constitutes a compliance with the prayer of the petition, he should be taxed with the costs to and including the judgment in the trial court; the costs of the appeal to be taxed against plaintiff.

The judgment is affirmed and costs taxed as herein set out.

HURST, C.J., and RILEY, OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur.