TRUTTMAN et al. v. CITY OF McALESTER et al.

No. 34557. April 8, 1952.

*243 P. 2d 352.*

C. W. Clift, Oklahoma City, Logan Stephenson, F. C. Swindell, O. C. Lassiter, Earl Truesdall, and A. D. Mason, Tulsa, and Cornish & Baumert, McAlester, for plaintiffs in error.

Walter J. Arnote, McAlester, for defendant in error, City of McAlester.

PER CURIAM. This is an appeal from an order of the district court of Pittsburg county denying an application for a temporary injunction.

The parties will be referred to by their trial court designations.

Plaintiffs alleged that they were resident taxpayers and were qualified and licensed master plumbers and journeymen plumbers.

The defendants, in addition to the city of McAlester, are the mayor, city commissioners, the city manager, the treasurer and clerk, and the board of plumbing examiners of the city. It was alleged that certain provisions of Ordinance No. 827 of the city of McAlester regulating the business of plumbing were in conflict with 11 O. S. 1941 §§453, 454, and therefore void; that the board of plumbing examiners was illegally constituted, that certain named individuals not having proper qualifications had been permitted to apply for and to take examinations to qualify as licensed plumbers and that the examination conducted by the board did not meet the standards prescribed by §§453 and 454 of Title 11, supra.

It was contended that the illegal appointment of the board of examiners, the conduct of the examination and certification of unqualified applicants would discredit plaintiffs who were master plumbers and thereby injure plaintiffs in their business which has been established over a period of years. Allegations were also made that some of defendants had stated that licenses would be issued to persons certified by the board of examiners regardless of the type of examination conducted; that plaintiffs were without an adequate remedy at law and that unless the injunctive relief prayed for was granted, plaintiffs would suffer irreparable damage and the public health and safety would be endangered.

Before the issues were joined, hearing was had on the application of plaintiffs for a temporary injunction which resulted in the order appealed from.

Although other issues are presented, the contention of plaintiffs that the order denying the application for a temporary injunction was contrary to the weight of the evidence and contrary to law is decisive of this appeal; it is, therefore, unnecessary to refer to such other issues which are pending in the district court.

The statute relating to temporary injunctions is Title 12, O. S. 1951 §1382, which provides:

"When it appears, by the petition, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act * * *".

The burden was, therefore, upon plaintiffs to offer proof that the com-

mission of or continuance of some act during the litigation would injure plaintiffs, or that defendants or some of them were doing or threatened to do some act in violation of plaintiffs' rights respecting the subject of the action, which act or threatened act would tend to render the judgment ineffectual.

In Dickey v. Williams, 186 Okla. 376, 98 P. 2d 604, it said that:

"Under the plain intent of the statute the plaintiff must be able to show that he has some right with respect to the subject of the action that is being or is about to be violated before he is entitled to an injunction, and in the absence of such showing the court is without authority to grant such relief."

In State ex rel. Grigsby v. Silvers, 198 Okla. 526, 180 P. 2d 657, we held:

"The issuance of an injunction is largely discretionary with the trial court, whose decision in such respect will not be reversed on appeal unless abuse of discretion clearly appears."

Plaintiffs introduced the testimony of a number of witnesses. Some of these were engaged in various capacities in the business of plumbing or were experienced in the subject matter. Much of this testimony consisted of the opinions of the witnesses as to proper qualifications of applicants for licenses to engage in the occupation or business of plumbing, and standards upon which such business should be conducted.

Conflicting testimony was also introduced as to the subject matter covered by examinations conducted by the board of examiners. It was also shown that at least one of the defendant officers of the city favored the establishment of a lower passing grade so as to permit applicants who were or might be unable to pass the examinations as conducted by the Board to produce licenses.

Testimony of members of the board of examiners was to the effect that the examinations given by the board were similar to that of other cities and were such as to properly test the qualifications of applicants for licenses.

Dr. A. B. Colyar, county health officer, and chairman of the board of examiners, testified that the examination was adequate to test the qualifications of the applicants and was fairly conducted. There was other testimony to the same general effect.

Plaintiffs alleged that three applicants named in the petition did not possess proper qualifications to take the examination or to hold a license. Undisputed evidence established that these applicants, as well as several others, failed to make a passing grade. The record contains no evidence that the board of examiners have or intend to issue licenses to any of the applicants who failed to pass the examination conducted by the board.

It follows, therefore, that the order was not contrary to the weight of the evidence nor contrary to law, and that the court did not abuse its discretion in denying the application for a temporary injunction.

Affirmed.

This court acknowledges the services of Attorneys Edgar Fenton, Ted Elliott, and Arthur Ellsworth, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.