2009 OK CIV APP 74

**CARTS & PARTS, INC.,**
**Plaintiff/Appellee,**

v.

**Antonio L. ROSALES,**
**Defendant/Appellant.**

No. 105,422.

Court of Civil Appeals of Oklahoma,
Division No. 1.

May 8, 2009.

Certiorari Denied Sept. 21, 2009.

Philip O. Watts, Beverly Q. Watts, Mitchell D. Rozin, Oklahoma City, OK, for Plaintiff/Appellee,

Charles F. Alden, III, Alden, Leonard & Dabney, Oklahoma City, OK, for Defendant/Appellant.

ROBERT DICK BELL, Presiding Judge.

¶1 Defendant/Appellant, Antonio L. Rosales, seeks review of the trial court's order in favor of Plaintiff/Appellee, Carts & Parts, Inc. (Carts & Parts), enjoining and prohibiting Appellant from using, selling and disposing of his real and personal property, of whatever kind and nature, including death proceeds from several life insurance policies insuring Appellant's wife, Kyrle W. Rosales. We reverse and remand for further proceedings.

¶2 Kyrle, a licensed certified public accountant, was employed as a bookkeeper for Carts & Parts from 2000 until shortly before her death in 2007. While working for Carts & Parts, Kyrle embezzled over a million dollars from her employer. During her deposition, Kyrle admitted she embezzled large sums of money from the company. She claimed she concealed the embezzlement from her stay-at-home husband by exaggerating the amount of her salary, exclusively managing the family finances, preparing all the income tax returns, and by making all deposits in the bank. Kyrle testified she used the embezzled funds to pay everyday living expenses and the house payment. Appellant admitted his wife embezzled some money, but denied any knowledge of, or participation in, any of her misconduct.

¶ 3 Prior to her death, Carts & Parts filed a conversion action against Kyrle and Appellant demanding actual damages and an injunction. After Kyrle's death, Carts & Parts filed an amended petition adding Kyrle's estate and her heirs as defendants. The amended petition sought, among other remedies, the imposition of a constructive trust[1] over Appellant's property and the death proceeds payable to Appellant from Kyrle's life insurance policies. Carts & Parts sought a temporary injunction against Appellant to enjoin him from using or disposing of such property and death proceeds. It claimed Appellant should have been aware of his wife's embezzlement due to his lavish lifestyle and that the assets acquired with the embezzled funds were at risk of dissipation, destruction and/or transfer.

¶ 4 Appellant opposed the temporary injunction. He denied he was aware of his wife's illegal activities and argued Carts & Parts failed to sustain its burden of showing any entitlement to a temporary injunction. He further alleged the life insurance death proceeds were exempt from being seized or encumbered through injunction, constructive trust or otherwise by the express provisions of 36 O.S.2001 § 3631.1.

¶ 5 The trial court entered a temporary injunction on the basis that Carts & Parts met its burden of showing (1) it was likely to prevail on its constructive trust claim and (2) Carts & Parts would suffer irreparable harm "considering the totality of the circumstances leading up to this case, including the extent of the embezzlement committed by Kyrle Rosales and suffered by" Carts & Parts. Based on the evidence presented at the temporary injunction hearing, the court calculated Appellant's bank account was comprised of 14.08% of legitimately earned funds and 85.92% of embezzled funds. It allowed Appellant access to 14.08% of the balances in his bank account and enjoined his use of 85.92% of the proceeds. The court froze the remainder of any life insurance proceeds hereafter collected by Appellant and granted Carts and Parts' request to inspect Appellant's property. Appellant appealed pursuant to Rule 1.60(c), *Oklahoma Supreme Court Rules,* 12 O.S.2001, Ch. 15, App. 1. Rule 1.60(c) allows the immediate appeal of an order which grants a temporary injunction.

¶ 6 Injunction proceedings are equitable in nature; therefore, this Court will consider all the evidence on appeal to determine whether the trial court's issuance of a temporary injunction was an abuse of discretion. *Brown ex rel. Brown v. Oklahoma Secondary Sch. Activities Ass'n,* 2005 OK 88, ¶ 11, 125 P.3d 1219, 1225. The reviewing court may reverse, vacate or modify a trial court's judgment when it appears from the nature of the case and all the facts properly before this Court, the petitioner was not entitled to injunctive relief. 12 O.S.2001 § 952(b)(2). Because injunctive relief is an extraordinary remedy, such relief should not be lightly granted. *Amoco Prod. Co. v. Lindley,* 1980 OK 6, ¶ 50, 609 P.2d 733, 745.

¶ 7 When determining whether to grant an application for temporary injunction, four criteria are considered: "(1) applicant's likelihood of success on the merits, (2) irreparable harm to the party seeking relief if injunctive relief is denied, (3) relative effect on the other interested parties, and (4) public policy concerns arising out of the issuance of injunctive relief." *Roye Realty & Developing, Inc. v. Watson,* 1990 OK CIV APP 21, ¶ 4, 791 P.2d 821, 823. The applicant seeking the temporary injunction has the burden to offer proof of these considerations. *Truttman v. City of McAlester,* 1952 OK 148, ¶ 9, 206 Okla. 297, 243 P.2d 352, 354. "Although all four criteria must be met before an injunction is issued, courts tend to focus most heavily upon the 'irreparable harm' requirement." *Tulsa Order of Police Lodge No. 93 ex rel. Tedrick v. City of Tulsa,* 2001 OK CIV APP 153, ¶ 25, 39 P.3d 152, 158.

¶ 8 On appeal, Appellant first urges the trial court abused its discretion and erred as a matter of law when it granted Carts & Parts' request for injunctive relief as to the

---

1. In order to prevent unjust enrichment, a constructive trust may be imposed on property that passed to a third party even though there was no fraud, deceit, subterfuge, or any wrongdoing on the third party's part. *In re Estate of Wellshear,* 2006 OK CIV APP 90, ¶ 28, 142 P.3d 994, 999–1000.

4

life insurance proceeds because 36 O.S.2001 § 3631.1(A) exempts the cash proceeds of life insurance (except for the actual premiums paid therefore in fraud of creditors) from this and all other proceedings brought by Carts & Parts. Section 3631.1(A) provides:

All money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, under any policy issued by a mutual benefit association, or under any plan or program of annuities and benefits, shall:

1. Inure exclusively to the benefit of the person for whose use and benefit the money or benefits are designated in the policy, plan or program;

2. Be fully exempt from execution, attachment, garnishment or other process;

3. Be fully exempt from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered; and

4. Be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.

■ ¶ 9 Carts & Parts argues the trial court's order should be affirmed because its equitable action for the imposition of a constructive trust is excepted from the broad application of § 3631.1. This argument is not supported by the statutory language which clearly and unequivocally exempts all insurance proceeds payable to Appellant as a result of Kyrle's death from any "legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary." We presume the Legislature expressed its intent to grant the broadest possible exemption with this language, and it intended what it expressed. *King v. King,* 2005 OK 4, ¶ 22, 107 P.3d 570, 579. Furthermore, the Legislature did not delineate a constructive trust action as an exception to this exemption, and this Court will not read such an exception into a statute. *See Cox v.*

*State ex rel. Oklahoma Dept. of Human Services,* 2004 OK 17, ¶ 26, 87 P.3d 607, 617.

■ ¶ 10 Carts & Parts next contends the trial court's order should be affirmed because the Legislature strictly limited the applicability of this exemption to debtor/creditor relationships and Carts & Parts is not Appellant's creditor. This argument limiting the applicability of this section solely to debtor/creditor relationships is not supported by the clear language of this statute. Section 3631.1(A)(3) exempts life insurance proceeds "from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or *liability* of the insured or of any beneficiary." (Emphasis added.) According to BLACK'S LAW DICTIONARY 473 (5th ed.1983) the word "liability" is "a broad legal term, of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent, or likely." The term "liability" includes "all character of debts and obligations; an obligation one is bound in law or justice to perform; an obligation which may or may not ripen into a debt." *Id.* A "liability" is a "condition of being responsible for a possible or actual loss, penalty, evil, expense or burden; condition which creates a duty to perform an act immediately or in the future; the state of being bound or obliged in law or justice to do, pay or make good something; the state of one which is bound in law and justice to do something which may be enforced by action." *Id.* We conclude that by using the term "liability" in § 3631.1, the Legislature identified its clear intent to make this a broad and comprehensive exemption within and outside of debtor/creditor relationships.

¶ 11 We note § 3631.1(C)(1) exempts from subsection (A) "[p]remium payments made in fraud of creditors subject to the applicable statute of limitations for the recovery of the premium payments." Based on this clear language, the very most Carts & Parts could secure from Appellant's interest in the subject life insurance policies are the "premium payments made in fraud of creditors," plus interest and costs. However, there was little evidence in the record of the actual amount of annual premiums made on these policies

during the relevant period. We therefore find Carts & Parts failed to sustain its burden of showing the actual amount of premium payments made in fraud of creditors.

¶ 12 We further reject Carts & Parts contention that the trial court appropriately relied upon *G & M Motor Co. v. Thompson*, 1977 OK 142, 567 P.2d 80, as support for its decision to enjoin Appellant's use of the life insurance proceeds. In *G & M*, an employer brought a constructive trust action against life insurance proceeds acquired by an employee in part with funds embezzled from the employer. *G & M* adopted *Restatement of Restitution* § 160 (1937) and held the employer was entitled to a pro rata share of insurance proceeds, but not to exceed the total amount of embezzled monies, interest and costs. However, when the Legislature enacted § 3631.1, effective 1992, and repealed the statute's predecessor, 36 O.S.1971 § 3631, the Legislature effectively superseded *G & M's* holding and evinced its intent to expand the scope of the statutory exemption for life insurance proceeds to cover all forms of legal and equitable relief. *See Irwin v. Irwin*, 1965 OK 145, ¶ 11, 433 P.2d 931, 934 ("Where the former statute was clear or its meaning had been judicially settled, the amendment may reasonably indicate legislative intent to alter the law.")

¶ 13 To the extent the trial court relied upon *Estate of Wellshear*, 2006 OK CIV APP 90, 142 P.3d 994, we find this case to be distinguishable. In *Wellshear*, a surviving spouse sought to impress a constructive trust upon her deceased husband's individual retirement account (IRA) to the extent the IRA included monies contributed during the marriage. The court held the surviving spouse had cognizable claims against the beneficiaries, but that the claims do not affect the distributions of the IRA to the beneficiaries. The appellate court briefly discussed that the statute exempting distributions of IRAs from creditor's claims does not apply to the surviving spouse's claims because she was not a creditor. However, *Wellshear* did not address § 3631.1.

¶ 14 We conclude the trial court abused its discretion when it granted Carts & Parts injunctive relief as to the life insurance pro-

ceeds payable to Appellant. The trial court's order temporarily freezing and enjoining Appellant's use of such life insurance death proceeds is reversed.

¶ 15 We now address whether the trial court abused its discretion when it enjoined Appellant's use and disposition of the remainder of his property. For Carts & Parts to demonstrate its right to injunctive relief, it had the burden to show it would be irreparably harmed if the injunction was not granted. "Injury or detriment is irreparable when it is incapable of being fully compensated for in damages or where the measure of damages is so speculative that it would be difficult if not impossible to correctly arrive at the amount of damages." *Hines v. Independent Sch. Dist. No. 50, Grant County*, 1963 OK 85, 380 P.2d 943 (Syllabus by the Court). No matter what theory Carts & Parts assigns to its action against Appellant, the gist of Carts & Parts' constructive trust action is to obtain calculable money damages for Kyrle's embezzlement. Carts & Parts has therefore failed to produce sufficient evidence that it would be irreparably injured if the temporary injunction was denied.

¶ 16 For the foregoing reasons, we hold the trial court committed a legal error and abused its discretion in granting the injunction restricting Appellant's use and disposition of the remainder of his property. The trial court order granting the temporary injunction is reversed and this matter is remanded for further proceedings.

¶ 17 REVERSED AND REMANDED.

ADAMS, J., and BUETTNER, J., concur.