NOT DESIGNATED FOR PUBLICATION

No. 123,474

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID LEE JURADO SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed April 22, 2022. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: While serving probation, David Lee Jurado moved to Texas without informing his probation officer or the district court. He was extradited from Texas 28 months later. At the revocation hearing, the court found the State did not unreasonably delay in serving the arrest warrant. The court subsequently revoked his probation and imposed the underlying 54-month sentence. On appeal, Jurado argues that the State did not make reasonable efforts to locate him and the district court abused its discretion in revoking his probation and not granting a durational departure. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In February 2016, the State charged Jurado in Saline County District Court with five counts of failing to register under the Kansas Offender Registration Act between September 2015 and January 2016, each a severity level 6 person felony. Jurado entered into a plea agreement, pleading guilty to two counts and agreeing to not request a sentencing modification if his probation were revoked. The State dismissed the remaining counts and recommended probation but requested the underlying counts be served consecutively. The district court accepted Jurado's pleas and, in February 2017, granted a dispositional departure to 24 months' probation with a controlling underlying 54-month prison term. As probation conditions, the court ordered Jurado to inform his probation officer of any changes in address and to obey any travel restrictions.

In early March 2017, Jurado reported to community corrections and completed initial screening documents. He did not return for his intake a few days later. He called to reschedule it twice but did not attend either rescheduled appointment. Community corrections sent a letter by certified mail to Jurado's address instructing him to report in mid-April. When he failed to do so, the State filed a motion to revoke Jurado's probation. On April 27, the court issued a bench warrant.

That same day, the Saline County Sheriff's Office took several steps. It entered the warrant into its system, and documents indicate the sheriff's office attempted to serve the warrant and sent a copy to Sedgwick County (which also had a warrant out for Jurado due to probation violations). It also uploaded the warrant to the National Crime Information Center (NCIC)—a national database accessible to law enforcement agencies—along with Jurado's identifying information, including his name and aliases, social security number, date of birth, and KBI and FBI numbers. To ensure the NCIC entry remained active and updated, the sheriff's office validated the information in

2

September 2018 and July 2020. This involved checking whether Jurado had other outstanding warrants and whether another state had issued him a driver's license or other identification.

Jurado was arrested in Sedgwick County in August 2019 after being extradited from Texas. The sheriff's office placed a detainer on Jurado in September 2019; he remained in custody until he was returned to Saline County and served the bench warrant in September 2020. After his return, the State filed an amended motion to revoke Jurado's probation, arguing he had absconded. In response, Jurado filed a motion to discharge him from probation based on the State's lack of efforts to locate him. Alternatively, he requested a durational departure to 12 months if the court revoked his probation. The district court held a probation revocation hearing in November.

At the hearing, various sheriff's office employees explained that the NCIC validations were the only additional steps taken to locate Jurado. Jurado testified that he went to Texas for a job opportunity at the end of February or March 2017. He lived in Fort Worth, worked various jobs, obtained a Texas driver's license, and filed his taxes and voted in the state. He did not inform community corrections or the court before he moved. He returned to Kansas only after a police officer ran his identification and found he was wanted for a probation violation in Wichita.

Following the presentation of evidence, the district court denied Jurado's discharge motion, finding the State made reasonable efforts to locate him. It also concluded Jurado absconded, revoked his probation, denied his departure motion, and imposed the underlying 54-month sentence.

ANALYSIS

On appeal, Jurado argues the State violated his due process rights by failing to make reasonable efforts to serve him with the bench warrant and that the court erred by not imposing a graduated sanction or a lesser sentence. The State did not violate Jurado's due process rights. It did not waive the probation violation, and Jurado was not prejudiced by the delay. Further, the court did not abuse its discretion when it revoked Jurado's probation and imposed the underlying 54-month sentence.

1. *The State did not violate Jurado's due process rights.*

Jurado argues the State violated his due process rights. He contends the State waived its right to a probation revocation hearing when it unreasonably delayed in finding him and serving the bench warrant, and, alternatively, the delay prejudiced him.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides certain protections to individuals accused of violating probation conditions. *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008). These protections require the State to issue and execute an arrest warrant for a violation without unreasonable delay. 287 Kan. at 144. An unreasonable delay infringes upon a probationer's due process rights and deprives a court of jurisdiction over the alleged violation. 287 Kan. at 145; *State v. Curtis*, 42 Kan. App. 2d 132, Syl. ¶ 2, 209 P.3d 753 (2009).

To show unreasonableness, a delay must either prejudice the probationer or indicate the State has waived its right, either implicitly or explicitly, to pursue the violation. 42 Kan. App. 2d 132, Syl. ¶¶ 4-5. Waiver occurs when the State knows or could have discovered the probationer's whereabouts using reasonable diligence but fails to timely execute the warrant. *State v. Alexander*, 43 Kan. App. 2d 339, Syl. ¶ 1, 225 P.3d

1195 (2010). Under waiver, a probationer need not establish prejudice. *Curtis*, 42 Kan. App. 2d 132, Syl. ¶ 4.

Whether the State has acted unreasonably depends on the circumstances of each case. *Hall*, 287 Kan. at 145. This requires review of the length of the delay, the reason for the delay, and whether the probationer has asserted his or her right. *Curtis*, 42 Kan. App. 2d 132, Syl. ¶ 6. However, the State's actions need only be reasonable, not perfect. *Alexander*, 43 Kan. App. 2d 339, Syl. ¶ 2. When a probationer has moved without informing a probation officer, this court has explained that waiver should only be found in the unusual circumstance that "law enforcement exhibits a complete indifference to its responsibilities, like the courts in *Haines*, *Bennett*, and *Myers* were faced with." *State v. Carleton*, No. 105,267, 2011 WL 6311920, at *4 (Kan. App. 2011) (unpublished opinion). Otherwise, probationers would be encouraged to move and avoid detection. 2011 WL 6311920, at *4.

A due process violation presents a legal question, which appellate courts review de novo. See *Alexander*, 43 Kan. App. 2d at 342.

Jurado argues that during the 28 months between April 2017 and August 2019, the State waived the probation violation by failing to take reasonable steps to locate him. See *Hall*, 287 Kan. at 153 (when probationer is imprisoned in another county for a new felony, State does not waive probation violation if it files detainer); *State v. Braswell*, No. 115,549, 2017 WL 1296084, at *4 (Kan. App. 2017) (unpublished opinion) (under *Hall*, filing detainer is sufficient to prevent waiver). He claims this delay prejudiced him because the State subsequently sought to revoke his probation because he absconded. This argument seems nonsensical in view of the fact that he did abscond and no one questions that he did.

The *Carleton* court highlighted *Bennett* and *Myers* as unusual instances where the State failed to carry out reasonable efforts. In *State v. Bennett*, 36 Kan. App. 2d 381, 387, 138 P.3d 1284 (2006), the court found a two-year delay was unreasonable. There, officers failed to serve Bennett at the address listed on a warrant, found a possible address 4 months after the warrant was issued but did not attempt to serve it, added her as the "felon of the day" on a newscast after 9 months, ignored a tip at 11 months, and arrested her based on a tip at 25 months. 36 Kan. App. 2d at 381-83, 386. As the only real effort to locate Bennett occurred after two years, the court determined the State did not exercise reasonable diligence and that the delay was unreasonable. 36 Kan. App. 2d at 385-87. Though Bennett's multiple addresses suggested she may have tried to conceal herself, the court determined that did not negate the State's duty, and concealment is only one factor in determining reasonableness. 36 Kan. App. 2d at 387.

In *State v. Myers*, 39 Kan. App. 2d 250, 251, 255, 178 P.3d 74 (2008), the court found a two-and-one-half-year delay was unreasonable. At a probation revocation hearing, the parties stipulated that Myers had moved to Oklahoma without permission. There was no record that the State attempted to serve the warrant when it was issued, and the State entered the warrant into the Kansas hot files. As the State presented no evidence that Myers moved to avoid detection and based on its minimal efforts, the court found the State acted unreasonably. 39 Kan. App. 2d at 254-55.

The State argues this case is similar to *State v. Morales*, No. 113,333, 2016 WL 1391779 (Kan. App. 2016) (unpublished opinion), and *State v. Deist*, No. 114,320, 2016 WL 5853081 (Kan. App. 2016) (unpublished opinion). The *Morales* court found a 26-month delay was not unreasonable. 2016 WL 1391779, at *1. In *Morales*, the Butler County Sheriff's Department entered the warrant into the county and statewide database when the warrant was issued, and, 10 months later, shared the warrant with the Marion County Sheriff's Department, which was unable to serve Morales. At 26 months, Marion County shared the warrant with the Florence Police Department, which arrested her that

6

same month. Noting that it must consider Morales' failure to inform her probation officer that she had moved multiple times, this court found the State acted reasonably. 2016 WL 1391779, at *4-5.

The *Deist* court found a 12-month delay was not unreasonable. 2016 WL 5853081, at *3-4. In *Deist*, the Reno County Sheriff's Office entered the warrant into a national database when the warrant was issued and checked Deist's driver's license records. At three months, Reno County shared the warrant with the Rice County Sheriff's Office and the Sterling Police Department, which tried to locate Deist at his last known address. That same month, Reno County updated the national entry and searched if Deist had been arrested elsewhere. He was eventually arrested in Hutchinson after 12 months. The court determined that though the State could have done more, such as investigating past addresses and contacting family and friends, its actions were reasonable. 2016 WL 5853081, at *2-4.

In the present case, 28 months passed before Jurado was arrested in Sedgwick County. As in *Morales* and *Deist*, the Saline County Sheriff's Office promptly entered the warrant into its system and the NCIC, attempted to serve the warrant, and sent a copy to Sedgwick County. The sheriff's office next acted in September 2018 when it verified the NCIC entry and searched for an out-of-state driver's license. No further steps were taken in the next 11 months, when Jurado was arrested. However, Jurado's decision to move to Texas without informing the court or his probation officer certainly impeded the State's efforts.

Ultimately, this case is similar to *Morales*. The *Morales* court found similar delays—10 months and 16 months—were not unreasonable when Morales failed to inform her probation officer that she moved. Here, the Saline County Sheriff's Office tried to serve the warrant, entered the warrant in the proper data bases, sent the warrant to Sedgwick County, which also had a warrant outstanding, and reviewed NCIC for any

7

updates. These actions do not reflect the total indifference required to find that there was a waiver of the intent to pursue the warrant. The State might have done more to pursue the warrant, but Jurado makes no argument what actions those might have been. In any event, the State need only act reasonably, not perfectly. *Alexander*, 43 Kan. App. 2d 339, Syl. ¶ 2. Under these circumstances, it did not act unreasonably.

Jurado also argues the delay prejudiced him. He asserts that if the State had served the warrant earlier, the district court could have only imposed a sanction. See K.S.A. 2015 Supp. 22-3716(c)(1) (requiring graduated sanctions for probation violations in felony cases). He argues that due to the State's delay, the court found he had absconded, allowing it to bypass these sanctions and revoke his probation. See K.S.A. 2015 Supp. 22-3716(c)(8) (allowing revocation if probationer absconds).

The State had nothing to do with the fact Jurado absconded. His decision and his actions resulted in the allegation of absconding. The State based its allegation on Jurado's moving to Texas. Jurado testified that he did so at the end of February or March 2017 and lived there until he was extradited. Regardless of when the State might have executed the warrant, whether it occurred after 1 month or after 28 months after leaving the State of Kansas, the fact remains that Jurado absconded. Whether he was gone for 1 month or 28 months, the probation violation allegation of absconding is totally valid. His argument that he might have received a sanction if he was arrested sooner is pure speculation particularly in view of the fact that he essentially did not successfully serve even one day on probation. He may have had a better shot at a sanction if he had returned to Kansas of his own volition, but he obviously elected not to.

As the State did not unreasonably delay when serving the warrant, it did not waive its right to pursue the probation violation. Jurado has not demonstrated that the delay prejudiced him. The State did not violate Jurado's due process rights.

2. *The district court did not abuse its discretion when revoking Jurado's probation and imposing the underlying sentence.*

Jurado also argues the district court abused its discretion when it did not impose an intermediate probation sanction and denied his durational departure motion. Neither constitutes an abuse of discretion.

When Jurado was sentenced for his failure to register, Kansas employed a system of graduated sanctions for probation violations in felony cases. A court could impose a 2- or 3-day jail sanction for an initial violation, a 120- or 180-day prison sanction for a subsequent violation, and revoke probation for a later violation. K.S.A. 2015 Supp. 22-3716(c)(1)(B)-(E). Courts could bypass these intermediate sanctions if the probationer absconded from supervision. K.S.A. 2015 Supp. 22-3716(c)(8). In 2017, the Kansas Legislature added an additional provision permitting revocation if probation was originally granted due to a dispositional departure. K.S.A. 2017 Supp. 22-3716(c)(9)(B).

The State bears the burden of proving a probation violation by a preponderance of the evidence. *State v. Lloyd*, 52 Kan. App. 2d 780, Syl. ¶ 1, 375 P.3d 1013 (2016). Once a violation has been established, appellate courts review a district court's revocation decision for an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). This same standard applies when reviewing the denial of a departure motion. See *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013). A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable; based on a mistake of law; or based on a mistake of fact. *McFeeters*, 52 Kan. App. 2d at 47. The probationer bears the burden of showing an abuse of discretion. 52 Kan. App. 2d at 47.

At the revocation hearing, the district court found Jurado absconded. After hearing from community corrections, the State, and Jurado, the court revoked his probation. It also denied Jurado's departure motion for a 12-month sentence, noting the conviction

9

stemmed from a plea agreement, the State dismissed charges, and Jurado did nothing while under supervision. However, the sentencing journal entry reflects the court revoked probation because Jurado absconded and because his original sentence resulted from a dispositional departure.

Jurado and the State agree a dispositional departure cannot justify revocation in this case because that provision was added to the statute after Jurado committed his underlying crimes. See *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020) (dispositional departure exception only applies to crimes committed after the 2017 amendment went into effect). The only basis to bypass the intermediate sanctions in this case is the court finding Jurado absconded.

Jurado does not challenge the court's determination that he absconded. Rather, he asserts the district court made a legal error by relying on the dispositional departure provision and by not acknowledging that it had discretion to impose a sanction. He also claims that the court made a factual error when it stated Jurado did nothing while on probation. He claims the evidence indicated he complied with various probation conditions, such as finding employment and obeying the law. It is hard to see how Jurado's claim has any merit when he never completed the process to be placed on probation or submitted himself for supervision. He completed some initial screening forms but never returned to complete the intake process.

Jurado's arguments do not merit reversal. Though the dispositional departure bypass does not apply, the fact that he absconded clearly does. At the revocation hearing, the court solely relied on Jurado's absconding, which is a proper legal basis to revoke probation. This independently supports the court's revocation decision. The record does not suggest the court believed it lacked the authority to impose an intermediate sanction. Its decision was not guided by a factual error. The court's comment simply highlighted that Jurado could not have completed any of his probation conditions while under

10

community corrections supervision because he went to Texas before completing his intake. See *State v. Dubish*, 236 Kan. 848, 853, 696 P.2d 969 (1985) (explaining purpose of probation is probationer's rehabilitation while under supervision of probation officer and under power of court). By absconding, Jurado was not under that supervision. The court did not abuse its discretion by revoking his probation.

Jurado also asserts the court abused its discretion when it denied his durational departure motion to reduce his sentence to 12 months. Given the nonviolent nature of his underlying offense, a 52-month Sedgwick County sentence for failing to register, his age, and community corrections' willingness to supervise him, he contends no reasonable person would have imposed the 54-month sentence.

However, by entering the plea agreement, Jurado waived his right to request a sentencing modification if the court revoked his probation. Courts have upheld waivers of similar rights. See *State v. Shull*, 52 Kan. App. 2d 981, 988, 381 P.3d 499 (2016) (if waiver is unambiguous, plea agreement may waive right to appeal); *State v. Bennett*, 51 Kan. App. 2d 356, Syl. ¶ 2, 347 P.3d 229 (2015) (if properly informed, defendant may waive right to have jury determine aggravating factors for upward durational departure). Here, the plea tender stated Jurado waived his right, and the court noted that condition at the plea hearing. As the waiver is unambiguous, Jurado waived his right to request a modification. But see *State v. Sandoval*, 308 Kan. 960, 963-64, 425 P.3d 365 (2018) (under K.S.A. 2017 Supp. 22-3716[c][1][E], after revoking probation, court may impose the original sentence or any lesser sentence).

Even if Jurado had not waived this right, the court's decision was not unreasonable. Jurado benefited from the plea agreement when the State dismissed three of his charges. He failed to carry out his obligation when he left the state before completing his community corrections intake and remaining absent from the state. Given

11

this failure, it was not unreasonable to impose the 54-month underlying sentence Jurado agreed to in the plea agreement.

The district court did not abuse its discretion by revoking Jurado's probation and imposing the underlying sentence.

Affirmed.